## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric Smith, | Case No. 18-cv-2462 (JNE/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Scott Griffeth, | |
| Defendant. | |

This matter came before the undersigned United States Magistrate Judge upon routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Eric Smith's Application to Proceeds in forma pauperis. [Docket No. 2].

In the North Dakota state courts, Plaintiff recently requested that primary residential responsibility for his child be amended in his favor and against that of the child's mother. Defendant Scott Griffeth, a referee of the North Dakota district court, denied Smith's request. Smith contends that the denial constitutes a violation of his constitutional rights and brings this lawsuit against Griffeth.

Smith did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. (See, IFP Application [Docket No. 2]). The Court concludes that Smith qualifies financially for IFP status. That being said, an IFP application must be rejected where a litigant seeks relief from a defendant immune from such relief. See, 28 U.S.C. § 1915(e)(2)(B)(iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Carter v. Schafer, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to

1

prisoner suits, and the provisions allow dismissal without service."). As a referee of the state courts, Griffeth is invested with absolute immunity for actions taken in a judicial capacity. See, e.g., Jackson v. Marek, No. 18-cv-1432 (JRT/KMM), 2018 WL 3321577, at *2 (D. Minn. June 18, 2018) (collecting cases); Littleton v. Fisher, 530 F.2d 691, 692 (6th Cir. 1976).

The actions for which Smith seeks relief against Griffeth are undeniably *judicial* actions; Smith believes that Griffeth violated his rights through the rulings entered in North Dakota state court during the course of litigation. There is no allegation that Griffeth acted in the complete absence of jurisdiction. The custody dispute proceeding with which Plaintiff takes issues was by all appearances properly before Griffeth and the court over which he presided. Accordingly, Griffeth is absolutely immune from suit for the actions alleged in the Complaint. See, Mireles v. Waco, 502 U.S. 9, 11–12 (1991).

This Court understands that Smith is deeply unsatisfied with the result of the North Dakota custody proceedings. A federal lawsuit against the judicial officer who presided over the proceedings, however, is not the appropriate means through which to seek relief.[1] Griffeth is immune from suit for actions taken in a judicial capacity, and this action should be dismissed with prejudice on that basis. See, Grazzini-Rucki v. Knutson, 597 Fed. App'x 902, 903 (8th Cir. 2015) (per curiam) (affirming dismissal with prejudice on grounds of judicial immunity).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

---

[1] From the documents submitted by Smith, it appears that an appeal of Griffeth's Order is now pending before the North Dakota state courts. (See, Exhibit [Docket No. 4-1]).

1.  This action be **DISMISSED WITH PREJUDICE**; and

2.  The application to proceed *in forma pauperis* of plaintiff Eric Smith, [Docket No. 2], be **DENIED**.

Dated: September 18, 2018                s/Leo I. Brisbois
                                         Leo I. Brisbois
                                         United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).